# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GERALD L. POLZIN,

        Plaintiff,

    v.                                     Case No. 10-C-38

JUDGE MICHAEL W. GAGE, et al.,

        Defendants.

---

## ORDER

---

Plaintiff Gerald L. Polzin, who is state prisoner proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Green Bay Correctional Institution ("GBCI") and he has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act ("PLRA") enacted April 26, 1996, the plaintiff is required to pay the statutory filing fee of $350.00 in full for this action. 28 U.S.C. § 1915(b)(1). *In forma pauperis* status, if granted, allows the prisoner to pay the filing fee in increments. *See* 28 U.S.C. § 1915(b).

Under § 1915(b)(1), the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or the average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater.

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. The agency having custody of the prisoner will collect the money and send payments to the court. 28 U.S.C. § 1915(b)(2).

The plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2). A review of this statement reveals that the average monthly deposit into the plaintiff's prison account was $77.17 and the average monthly balance for the six-month period immediately preceding the filing of the instant complaint was $10.79. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(B), the plaintiff is required to pay an initial partial filing fee of $15.43 (twenty percent of $77.17). Plaintiff, however, enclosed a $20.00 check with his filing, which exceeds the calculated initial partial filing fee. The $20.00 payment will be accepted as the initial partial filing fee and the case will, therefore, proceed to screening and the court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this action is dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

2

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nusku v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Sink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Nusku*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Polzin complains about the way in which his claim of being sexually abused as a child was investigated and argued by the prosecution during his sentencing proceedings in Wisconsin state court. He also alleges misconduct on the part of the judge and the court reporter after the fact. According to the decision of the Wisconsin Court of Appeals in a related civil case that Polzin attached to his complaint,

4

> Polzin pled guilty to six counts involving sexual abuse of children. During the presentence investigation, he asserted that approximately thirty-four years earlier he was the subject of sexual abuse by a relative who was an Appleton police officer. The presentence investigator informed the special prosecutor who requested an investigation by the Division of Criminal Investigation. The Appleton police chose not to duplicate the DCI investigation and did not conduct a separate inquiry. At the sentencing hearing, the special prosecutor expressed doubt that Polzin was sexually abused.

*Polzin v. City of Appleton, et al.*, No. 2007AP 1528 (Wis. Ct. App. Feb. 26, 2008).

The complaint names as defendants the judge that presided over Polzin's criminal trial, Outagamie County Circuit Court Judge Michael Gage, Gloria Johnson, the court reporter, Shawn Mutter, the prosecutor, and Bradley Kust, a Wisconsin Department of Justice investigator. The complaint also names one or more John Doe defendants Polzin claims were involved in investigating his case. Polzin alleges that Mutter, Kust and the unnamed defendant(s) failed to properly document and prepare reports regarding the sexual abuse Polzin claims he suffered as a child. Polzin also says that he and his attorney were not provided information about the investigation. The complaint alleges that at Polzin's sentencing proceedings Mutter lied about when the state first learned about Polzin's childhood abuse. Regarding Judge Gage and Johnson, the court reporter, Polzin alleges that the two altered the transcript of his sentencing hearing in an effort to prevent Polzin from pursuing a civil action against Mutter, Kust and the unnamed defendant(s).

In addition to his civil litigation in the Wisconsin courts, Polzin claims that he has a pending motion for post-conviction relief which touches upon the issues he raises in this complaint. Recognizing that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), could bar his claims here, Polzin has filed a motion to stay these proceedings until his claims become cognizable. (Doc. # 3.) The *Heck* Court held that

5

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted).

Polzin is right to harbor concern regarding the applicability of *Heck*'s holding here, as if he were to prevail on his claims regarding his sentencing proceedings, it would necessarily call into question the validity of his sentence. Polzin relies on *Wallace v. Kato*, 549 U.S. 384 (2007), in support of his argument that he should be granted a stay to toll the statutes of limitations on the claims he attempts to bring in this § 1983 action.

In *Wallace*, the Supreme Court noted that the *Heck* doctrine does not affect the date on which a claim accrues or the tolling of any statutes of limitations. *Wallace* dealt with the accrual date of a § 1983 claim for false imprisonment, which the Court said, was the date on which the defendant appeared before a magistrate and was bound over for trial. 549 U.S. at 397. Construing Polzin's complaint liberally, his claims all appear to relate the behavior of the prosecution in his sentencing and that of the court after sentencing. Such claims do not warrant staying this action under *Wallace*. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("[C]laims resembling malicious prosecution do not accrue until the prosecution has terminated in the plaintiff's favor.") (quoting *Snodderly v. R. U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 896 (7th Cir. 2001)).[1]

---

[1]Polzin complains about the fact he and his counsel were kept in the dark regarding the investigation of the sexual abuse he claims he suffered as a child. To the extent this can be construed as a claim that his due process rights as set out in *Brady v. Maryland*, 373 U.S. 83 (1963), were violated, such a claim is also controlled by *Heck* and not *Wallace*. *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008).

6

Thus, the Court will deny Polzin's motion for a stay and dismiss this action as barred by the rule of *Heck v. Humphrey*.

Because plaintiff has failed to set forth cognizable constitutional or federal claims, the case will be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $330 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted**.**

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith

7

pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

IT IS ALSO ORDERED that plaintiff's motion to stay these proceedings [Doc. # 3] is **DENIED** as moot.

Dated this   28th   day of January, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

Case 1:10-cv-00038-WCG   Filed 01/28/10   Page 8 of 8   Document 6