# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GERALD L. POLZIN,

        Plaintiff,

v.                                               Case No. 10-C-0038

SHAWN M. MUTTER and
BRADLEY T. KUST,

        Defendants.

## DECISION AND ORDER ON REMAND

This case is before the Court on remand from the United States Court of Appeals for the Seventh Circuit. *See Polzin v. Gage*, No. 10-1545, ___ F.3d ___, 2011 WL 559956 (7th Cir. Feb. 18, 2011). The Court of Appeals vacated that part of this Court's judgment dismissing the plaintiff's claims against a special prosecutor and state investigators, and remanded the case for an explanation of the basis of the Court's decision that the allegations against them failed to state a claim on which relief could be granted. This decision will more fully set out the Court's reasoning.

## I. BACKGROUND

On January 14, 2010, Plaintiff Gerald L. Polzin, who is currently serving a thirty-year state sentence for multiple counts of sexual abuse of two teenage boys, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against various participants in the criminal proceedings that led to his current incarceration. Specifically, Polzin sued the state judge who presided over his case, the judge's court reporter, the special prosecutor assigned the case (apparently because Polzin was a

law enforcement officer for one of the law enforcement agencies in the county), and a state investigator. Polzin alleged that the named defendants, as well as others unknown to him at the time, violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution by the manner in which they responded to his accusation that he had been sexually assaulted as a child more than thirty years earlier by an uncle who apparently was also a law enforcement officer for another county.

The claim that he was the victim of sexual abuse was apparently made by Polzin in anticipation of sentencing and was offered in mitigation of his own culpability for the crimes to which he had pled guilty. At the sentencing hearing, Special Prosecutor Shawn Mutter informed the court that she and the Wisconsin Department of Justice's Division of Criminal Investigation (DCI) had "looked into that matter" and concluded that Polzin's allegations had "no merit whatsoever." (Dkt. 18 at 5, Tr. 22.) Mutter stated that DCI Special Agent Bradley Kust, who was also present in court, had investigated the accusations and spoken several times with Polzin's uncle, as had she. She described the uncle as "a decorated retired law enforcement officer with 18 years of law enforcement experience in Ozaukee County." (*Id.*) Presumably based on the uncle's denials and the fact that neither Polzin nor any other family members had previously reported the abuse, Mutter argued that Polzin had fabricated the accusations in an effort to shift the blame for his own crimes to someone else or at least minimize his own culpability. (*Id.* at 22-24.)

In his complaint, Polzin alleged that Mutter, Kust, and possibly others failed to conduct a full investigation of his claim that he was sexually assaulted some thirty years earlier and falsified evidence to conceal the truth about his childhood sexual abuse. (Compl. ¶ 13.) Polzin further alleged that Mutter then lied to the court at his sentencing hearing about the fact that he had been

2

sexually abused in order to intimidate, degrade, humiliate and discredit him in front of the court, the public and the media. (Compl. ¶ 16.) Although the judge who presided over the hearing questioned Mutter's conclusion that Polzin had not been sexually assaulted, Polzin alleged that the judge conspired with his court reporter to alter and edit the transcript so as to prevent Polzin from pursuing post conviction relief in his criminal case and a possible civil action against Mutter, Kust, and others. (Compl. ¶¶ 23-24.) Based on these allegations, Polzin claimed that the defendants had violated his First Amendment right to free speech by retaliating against him for reporting his childhood sexual assault. (Compl. ¶¶ 30-33.) He claimed that Mutter violated his Eighth Amendment right by subjecting him to cruel and unusual punishment in the manner in which she attempted to intimidate, degrade, humiliate, and discredit him about his childhood sexual assault. (Compl. ¶ 35.) Finally, Polzin claimed that the defendants violated his Fourteenth Amendment right to equal protection of the law by failing to treat him as they would other victims of sexual assault. (Compl. ¶¶ 37-40.)

When the case was first before me, I dismissed it at the screening stage, concluding that Polzin's claims were barred by *Heck v. Humphrey*'s prohibition on § 1983 damage claims that undermine the validity of a conviction or sentence that has not been vacated, reversed or otherwise declared invalid. 512 U.S. 477, 486-87 (1994). I denied Polzin's request that the case be stayed until his motion for post conviction relief that was pending in his criminal case was decided so that the statute of limitations would not expire. Relying on *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009), and *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008), I concluded that there was no danger of the statute of limitations running since no claim would even accrue until he prevailed in

3

his efforts to overturn his state conviction or sentence. Since there was no reason to stay the case, I ordered it dismissed and directed the clerk to enter judgment.

Polzin moved for reconsideration four days later and I affirmed my previous decision that his claims were barred by *Heck*. In denying Polzin's motion for reconsideration, however, I also ruled that even aside from *Heck*, the case should be dismissed because Polzin failed to state a claim cognizable under the Constitution. Polzin then filed a notice of appeal and moved to proceed *in forma pauperis*. I denied his motion to proceed *in forma pauperis* upon a finding that it was not taken in good faith. Polzin sought leave to appeal from the Court of Appeals, and that Court concluded that I had erred in my bad-faith determination and granted his motion to proceed.

On February 18, 2011, the Court of Appeals issued its decision affirming in part and vacating and remanding in part this Court's judgment dismissing Polzin's case. The Court first held that "district courts may bypass the impediment of the *Heck* doctrine and address the merits of the case." Slip op. at 7. The Court then proceeded to review my conclusion that Polzin's complaint failed to state a cognizable federal claim against any of the defendants. The Court affirmed my decision that Polzin had not stated a claim against the state judge on the ground that the judge had absolute immunity for his judicial actions. *Id.* As to the court reporter, the Court concluded that the transcripts Polzin had filed with this court demonstrated that she had in fact transcribed the judge's expressions of doubt about the thoroughness of the special prosecutor's investigation and thus conclusively contradicted his allegations against her. *Id.* at 8. The Court held that Special Prosecutor Mutter also enjoyed absolute immunity for her courtroom conduct during the sentencing.

The Court noted, however, that Polzin had also alleged that while performing their investigatory function Prosecutor Mutter and the DCI investigators had violated his rights by failing

4

to conduct a full investigation and by falsifying evidence to conceal information about his childhood sexual abuse. *Id.* at 8-9. Because I had not addressed this aspect of Polzin's complaint in my orders, the Court was uncertain of the basis upon which all claims against Mutter and Kust were dismissed. It therefore remanded the case with instructions that I explain the basis of my decision. "If the district court concludes that dismissal on the *Heck* doctrine alone is appropriate, it should dismiss that portion of Mr. Polzin's complaint without prejudice." *Id.* at 9.

## II. ANALYSIS

The Prison Litigation Reform Act requires district courts to review complaints filed by prisoners against government officers or employees before they are docketed if feasible, or as soon as practicable after docketing, and to dismiss any complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a) and (b). Even absent this statutory requirement, however, district courts have inherent authority to screen complaints at the time they are filed and *sua sponte* dismiss those that are obviously insufficient in order to protect individuals and businesses from the inconvenience and cost of hiring an attorney to respond to frivolous lawsuits. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations, . . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotes omitted). To state a claim, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570); *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* and *Iqbal* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal

construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Polzin's allegations against the remaining defendants – Special Prosecutor Mutter, DCI Agent Kust, and other unknown persons – are that they failed to conduct a full investigation of his report that he had been sexually assaulted by his uncle and that they falsified evidence about the matter so as to conceal what occurred. He alleges that their conduct violated his First Amendment right to free speech and Fourteenth Amendment right to equal protection and, in addition, that Prosecutor Mutter's comments at his sentencing hearing subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Because the Eighth Amendment claim against Prosecutor Mutter is based on her comments during Polzin's sentencing, it falls within that portion of the Court's earlier dismissal that the Court of Appeals affirmed. The claim would fail in any event since the degradation and humiliation that Polzin claims he suffered as a result of the prosecutor's comments would not amount to cruel and unusual punishment within the meaning of the Eighth Amendment, which applies after sentencing, nor would it offend due process, which applies before sentencing. *See Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009). The Constitution does not protect against hurt feelings. *Purtell v. Mason*, 527 F.3d 615, 624 (7th Cir. 2008). Moreover, Polzin presumably felt greater humiliation over the offenses to which he had pled guilty and for which he was being sentenced than anything the prosecutor may have said about him.

Polzin's free speech and equal protection claims also lack merit. Defendant's alleged failure to investigate Polzin's complaint and falsification of their reports clearly did not prevent Polzin from telling the judge he had been sexually abused as a child. In fact, the sentencing judge

7

was made fully aware of Polzin's allegation and even appears to have credited it. Nor can such conduct be reasonably viewed as retaliation for his exercise of his First Amendment rights. Polzin offers nothing more than a conclusory allegation that the defendants retaliated against him. Under *Iqbal* conclusions unsupported by facts are to be ignored. 129 S. Ct. 1949-50. And more is required to state an equal protection claim than Polzin's conclusory assertion that the defendants did not treat him like they did other victims of sexual assault. (Compl. ¶ 37.)

Polzin's complaint also fails to allege facts sufficient to state any other constitutional claim. The failure by law enforcement officers to conduct a full investigation on a claim by a defendant awaiting sentencing on charges of sexually abusing children that he himself was sexually abused by an uncle more than thirty years earlier does not state a federal claim. The Supreme Court recognized in *Wayte v. United States* that "[i]n our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." 470 U.S. 598, 607 (1985). It necessarily follows that law enforcement also has broad discretion in deciding what complaints to investigate and what resources to devote to such investigation. As *Wayte* recognized, "[t]his broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Id.* In deciding what reports to investigate and what crimes to charge, law enforcement and prosecutors consider such factors as the reliability of the report, the age of the incident alleged, and the threat to public safety. Even if the abuse reported by Polzin was ongoing, law enforcement's failure to investigate would not amount to a constitutional violation. *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196 (1989) ("Consistent with these principles, our cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty,

8

or property interests of which the government itself may not deprive the individual."). Given how long ago the incident allegedly occurred and the circumstances surrounding Polzin's recent report, law enforcement clearly had no duty to conduct any investigation, let alone a thorough one.

Indeed, it does not even appear that Polzin requested law enforcement to conduct an investigation. From the comments of Special Prosecutor Mutter, it appears that she requested Agent Kust to follow up on Polzin's complaint so that she could respond to his mitigation argument at sentencing. (Tr. at 22.) If anyone had a duty to investigate the report, it would have been Polzin's own attorney. *See Griffin v. Pierce*, 622 F.3d 831, 843-44 (7th Cir. 2010) (holding that defense counsel's failure to conduct any investigation into mitigation evidence may constitute a violation of defendant's Sixth Amendment right to effective assistance of counsel). But it is not altogether clear that the fact that Polzin may have been sexually abused as a child thirty years earlier, sad as it would be if it did occur, would constitute mitigation evidence. To the extent being victimized might be perceived as a cause of his victimization of other children, a judge may conclude that he bears less culpability for his crime than a defendant who had not been subjected to abuse. On the other hand, a judge might also conclude that such an experience makes such a person more likely to offend in the future and thus a greater threat to other children. However it would be viewed, the prosecution has no obligation to investigate or present evidence of a defendant's prior victimization at his sentencing.

Polzin's allegation that Special Prosecutor Mutter and DCI agents falsified evidence to cover up the fact of his childhood sexual assault poses a closer question. The Supreme Court held in *Brady v. Maryland* that the prosecution's suppression of evidence favorable to an accused in a criminal prosecution is a violation of the defendant's Fourteenth Amendment right to due process

9

of law. 373 U.S. 83, 87 (1963). Clearly, the fabrication of evidence unfavorable to the accused by the prosecution or law enforcement would also violate due process. Moreover, the *Brady* rule applies to favorable evidence that is "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Here too, however, Polzin offers nothing more than opinions and conclusions. Although Polzin alleges that Prosecutor Mutter and the DCI agents "knowingly, willfully, intentionally and maliciously fabricated false facts and evidence about the investigation in an attempt to conceal the sexual abuse from the court, the public and media" (Compl. ¶ 13), nowhere in his complaint does he identify what these false facts and evidence were or state how he knows they are false. *Twombly* and *Iqbal* admonish a court determining whether a complaint states a claim to consider only the well pleaded facts and ignore "the allegations that are conclusory and not entitled to be assumed true." *Iqbal*, 129 S. Ct. 1951. One of Polzin's attachments accuses the prosecutor of lying to the court during the sentencing hearing by misstating his age at the time his uncle apparently lived with his family and the number of motorcycle rides he took with his uncle. But these are hardly the kind of facts that could be considered material. More importantly, the Court of Appeals affirmed the dismissal of Polzin's claim against the prosecutor to the extent it rested on her in-court statements. In essence, Polzin's complaint is not that the defendants falsified facts or evidence, but that they believed his uncle and not him. At least that is all one can discern from his complaint and various attachments. A disagreement over the weight of evidence concerning a sexual assault that may have occurred over thirty years earlier is simply not enough to state a federal claim.

Finally, it appears that even if the defendants did withhold or falsify evidence concerning Polzin's claim that he had been sexually abused as a child, it did not change the result. Although this Court is unable to locate it in the record, the Court of Appeals noted in its decision that "[t]he state trial judge ultimately considered the past sexual abuse 'more probable than not' and included it as a mitigating factor." Slip op. at 2-3 (quoting Tr. 123). Thus, Polzin apparently received whatever benefit the trial judge thought the fact that he had suffered a childhood sexual assault deserved. The misconduct of the special prosecutor and DCI agents, if there was any, therefore made no difference. Where a defendant is not harmed by the alleged failure by law enforcement to disclose allegedly mitigating evidence, no violation can be shown. *See Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) ("Regardless of any misconduct by government agents before or during trial, a defendant who is acquitted cannot be said to have been deprived of the right to a fair trial."); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998) (finding no Brady violation in the face of an acquittal because Brady protects a defendant from an unfair trial and an acquitted defendant does not suffer the effects of an unfair trial); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) (holding that where criminal charges are dropped before trial, and thus the underlying criminal proceeding terminated in an appellant's favor, there is no injury caused by the act of suppressing exculpatory evidence). I therefore conclude that Polzin's complaint should be dismissed for failure to state a claim.

As to *Heck*, it would appear that it would pose no bar to Polzin's claims in any event since, as the Court of Appeals noted, the trial judge considered it more likely than not that the abuse occurred. Allowing Polzin to proceed in this case, if he could state a claim, would not therefore

11

undermine the validity of his current sentence.  Because he has failed to state a claim, however, the case will be dismissed.

Accordingly, and for the reasons set forth above, the case is dismissed and the Clerk is directed to enter judgment in favor of the defendants.

**SO ORDERED** this   29th   day of April, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge