UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERALD L. POLZIN,

    Plaintiff,

  v.                                                                    Case No. 10-C-0038

SHAWN MUTTER et al.,

    Defendants.

**ORDER GRANTING SUMMARY JUDGMENT**

Plaintiff Gerald Polzin filed this *pro se* civil rights action under 42 U.S.C. § 1983 against various participants in the criminal proceedings that led to his current incarceration. Plaintiff Gerald Polzin is a Wisconsin inmate currently housed at the Green Bay Correctional Institution. (DPFOF ¶ 1.) Defendant Shawn Mutter was and is an attorney licensed to practice law in the State of Wisconsin, whose role at all relevant times was that of Special Prosecutor in *State of Wisconsin v. Gerald L. Polzin*, Outagamie County Case No. 04-CF-691. (DPFOF ¶ 2.) Defendant Bradley Kust was and is employed by the Wisconsin Department of Justice, Division of Criminal Investigation, as a Special Agent. (DPFOF ¶ 3.) Defendants have moved for summary judgment alleging that Polzin has failed to state a valid *Brady* claim. For the reasons discussed herein, Defendants' motion will be granted.

**BACKGROUND**

In August 2005, Polzin pleaded guilty to six counts of sexually abusing two teenage boys. (DPFOF ¶ 4.) During the presentence investigation, Polzin claimed that, as a child, his uncle had

sexually abused him. (DPFOF ¶ 4.) The presentence investigator informed defendant Mutter, who requested that defendant Kust investigate Polzin's allegations. (DPFOF ¶ 5.) At Polzin's sentencing hearing, Mutter expressed doubt that Polzin had been abused as a child, and she opposed any mitigation based on evidence of past sexual abuse. (DPFOF ¶ 6.) Mutter stated he believed Polzin was trying to "recast himself as a victim" in order to excuse his criminal behavior. (ECF No. 48 at 4; DPFOF ¶ 6.)

On January 14, 2010, plaintiff Gerald Polzin filed this lawsuit against Outagamie County Circuit Court Judge Michael Gage, Outagamie County Court Reporter Gloria Johnson, Special Prosecutor Shawn Mutter, and Department of Justice Investigator Bradley Kust, alleging violations of his First, Eighth, and Fourteenth Amendment rights. Specifically, Polzin alleged Mutter and Kust failed to investigate adequately the claims of childhood sexual assault, failed to document adequately the investigation they did conduct, attempted to conceal the evidence of Polzin's alleged sexual abuse as a child, and made false statements to the circuit court judge about the alleged abuse. (ECF No. 1 ¶¶ 14–28.) Polzin also alleged Judge Michael Gage and Court Reporter Gloria Johnson altered and edited the transcript of Polzin's sentencing hearing in an attempt to prevent Polzin from asserting a civil action against Mutter and Kust and to prevent Polzin from seeking post-conviction relief. (ECF No. 1 ¶¶ 23–28.)

Pursuant to 28 U.S.C. § 1915A(a) this Court screened Polzin's complaint and concluded his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because Polzin had a pending motion for post-conviction relief. Polzin's complaint was thus dismissed in its entirety. (ECF No. 6.) Polzin filed a Motion for Reconsideration (ECF Nos. 8–9) which this Court denied (ECF No. 10) and Polzin then appealed this Court's dismissal of his suit. (ECF No. 11.)

2

The Seventh Circuit Court of Appeals affirmed in part and remanded in part for an explanation of this Court's reason for dismissing Polzin's claims regarding Mutter's and Kust's alleged inadequate investigation about Polzin's claims of his own childhood sexual abuse. (ECF No. 28-1.) The Court of Appeals did not reverse this Court's dismissal of all of Polzin's claims, and in fact noted that dismissal of the suit in its entirety may still be appropriate, but an explanation was needed for the dismissal of Polzin's claims regarding what he perceived to be an unsatisfactory investigation. (ECF No. 28-1 at 8–9).

On remand, this Court again dismissed Polzin's claims about Mutter's and Kust's alleged inadequate investigation of his claims of childhood sexual abuse, noting that law enforcement has broad discretion in deciding which complaints to investigate and what resources to devote; the Court thus concluded a failure to investigate, or failure to investigate adequately, is not a constitutional violation. (ECF No. 29 at 8–9.) This Court also found that the prosecution has no obligation to investigate or present evidence of a defendant's prior victimization at sentencing. (ECF No. 29 at 9.) Finally, this Court found Polzin's claim — that Mutter and Kust withheld or falsified evidence concerning his claim of childhood abuse — presented a closer question, as *Brady v. Maryland*, 373 U.S. 83, 87 (1963) makes the prosecution's suppression of evidence favorable to an accused a violation of the defendant's Fourteenth Amendment rights. (ECF No. 29 at 9–10.) This Court held that where a defendant is not harmed by the prosecution's alleged failure to disclose mitigating evidence, there is no constitutional violation. (ECF No. 29 at 11.) As the sentencing judge accepted as "more probable than not" that Polzin had been abused as a child and considered that fact as a mitigating factor, Polzin was not harmed by the prosecution's alleged

3

failure to disclose mitigating evidence and therefore could not maintain a claim of a constitutional violation. (ECF No. 29 at 11.)

Thereafter, Polzin filed another motion for reconsideration and a motion for leave to file an amended complaint. (ECF No. 31.) I granted the motion for reconsideration, noting that although other circuits have held that there is no constitutional violation when a defendant is not harmed by the prosecution's alleged failure to disclose mitigating evidence, the Seventh Circuit has not addressed that issue. (ECF No. 34.)

Polzin's Amended Complaint (ECF No. 35) did not specifically allege a *Brady* violation or a due process claim, but this Court liberally construed Polzin's Amended Complaint as stating "at most a due process claim under Brady" and allowed Polzin to proceed on that claim. Defendants now request the Court grant summary judgment dismissing this suit in its entirety because Polzin has failed to state a valid *Brady* claim.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

4

**ANALYSIS**

**1. Lack of Prejudice**

In *Brady v. Maryland* the Supreme Court articulated the principle that prosecutors have an obligation to inform the court and opposing counsel of mitigating factors and exculpatory information realized in any criminal case. As articulated by the Court, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

The Supreme Court held evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). More recently, the Supreme Court articulated a three pronged test for valid *Brady* claims: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that the evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

Defendants contend Polzin's claim fails because even assuming, *arguendo*, the validity of the first two prongs, he cannot proceed on the third prong; in other words, Polzin cannot demonstrate any prejudice ensued.

The Supreme Court measures *Brady* materiality by whether the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different result at trial. *Bielanski v. County of Kane*, 550 F.3d 632, 645 (7th Cir. 2008) (citing *Strickler* at 281); *see also Kyles v. Whitley*, 514 U.S. 419, 433–34 (1995). Thus here the question

5

is whether the sentencing judge's determinations would have been altered in light of substantiated evidence that Polzin's uncle had a history of sexual abuse.

The sentencing judge acknowledged Polzin's alleged sexual abuse as "more probable than not" and explicitly considered it as a mitigating factor. (DPFOF ¶¶ 8–9.) Specifically, the judge considered the state's presentence investigation report, which included the defendant's claim of experiencing sexual abuse as a child, in a light most favorable to the defendant. Despite the Prosecution's argument that Polzin's claim was an "excuse," the Judge concluded:

> [I have] an obligation to consider that which is more probable than not, and — it seems to me under all the circumstances here that this identification of — someone and description of — of what would have been a traumatic experience for a four or five year-old child is something that we can take as established as more probable than not. Now, it's looked upon as a mitigating factor in our sentencing considerations, and I won't reiterate it later.

(DPFOF ¶ 7.) The sentencing judge explicitly noted that Polzin's past history of abuse as a child could not entirely outweigh "the manifest seriousness and gravity of the offenses, the multiplicity of the offenses, the manipulation associated with the offenses, the use of videorecording to further the offenses," but it nonetheless "weighs and it matters, and it's a *mitigating* circumstance…" (emphasis added) (DPFOF ¶ 8.)

Polzin, however, suggests the court did not give the evidence as much weight as it could have, given that it was not presented to its fullest extent. In other words, he argues that while the judge may have considered it a mitigating factor, as it is, the sexual abuse could have been even *more* of a mitigating factor had it been adequately presented. Of course, this is an assertion that is impossible to prove or disprove.

6

Other Circuits have held that where the suppression of exculpatory evidence does not ultimately impact the result of a case, no valid *Brady* claim may be maintained. *See Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) ("Regardless of any misconduct by government agents before or during trial, a defendant who is acquitted cannot be said to have been deprived of the right to a fair trial."); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998) (finding no *Brady* violation in the face of an acquittal because *Brady* protects a defendant from an unfair trial and an acquitted defendant does not suffer the effects of an unfair trial); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1998) (holding that if criminal charges are dropped before trial, and thus the underlying criminal proceeding terminated in an appellant's favor, there is no injury caused by the suppression of exculpatory evidence).

As noted above, the Seventh Circuit has not directly ruled on this issue but I conclude that in this case, the jurisprudence of other circuits is persuasive and should be followed. The operative principle applied by other Circuits in deciding that an acquittal precludes *Brady* violations is that where no harm occurred (i.e., charges were dropped or the defendant was acquitted), it is not possible for a *Brady* claim to be sustained. The sentencing judge treated the evidence as information that lessened Polzin's culpability; in other words, because of his past experience with sexual abuse, he was less culpable than someone who had not been a sexual abuse victim.

While here the evidence allegedly suppressed is not case-negating, as in other precedent, the operating principle works the same: in other words, the alleged mistake did not impermissibly prejudice or harm Polzin's case. The evidence cannot "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435. While all facts and reasonable inferences must be construed in favor of the nonmoving party, that "favor

7

toward the nonmoving party does not extend to drawing '[i]nferences that are supported by only speculation or conjecture.'" *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (quoting *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008)). Polzin has not presented any evidence demonstrating a reasonable probability the sentencing judge would have ordered an even more lenient sentence if not for the defendants expressing doubt as to Polzin's claims of abuse as a child. Defendants thus correctly conclude there was no harm or prejudice to Polzin, even if the defendants were to have failed to disclose exculpatory evidence. As harm or prejudice is a necessary prong to succeed on a *Brady* claim, Polzin's claim will be dismissed on this ground.

**2. Lack of Evidence**

Defendants also posit an alternative ground upon which Polzin's claim should be dismissed. Defendants contend Polzin's Brady claim does not meet the threshold standard for *Brady* claims as set forth by the Supreme Court because there is no evidence substantiating Polzin's claim that material evidence was withheld. (ECF No. 48 at 11.) Polzin cannot point to any factual evidence to suggest suppression occurred. Additionally, there was no evidence — suppressed or otherwise — corroborating Polzin's claim of his uncle sexually abusing him as a child. Therefore, there was no exculpatory even merely favorable evidence that Defendants could have disclosed. While Polzin argues Defendant Mutter "lied" at the sentencing hearing (when she apparently made minor mistakes regarding Polzin's age at the time his uncle lived with his family) this error is by no means "exculpatory evidence" or even materially favorable evidence.

Polzin's final argument is that even if the outcome would not have been different, notwithstanding a *Brady* violation, a plaintiff should still be awarded nominal damages as a result

8

of the due process violation. However, he provides no legal support for this and there is no record evidence establishing (or even creating a disputed issue of material fact) that a *Brady* violation occurred in this case. Polzin's citation to *Carey v. Piphus*, 435 U.S. 247 (1978) does not hold weight as *Carey* was brought under the Civil Rights Act and did not involve a *Brady* claim. To the contrary, courts regularly find *Brady* violations but do not award nominal damages. *See, e.g.*, *Bielanski*, 550 F.2d at 632; *Mosely v. City of Chicago*, 614 F.3d 391 (7th Cir. 2010); *Morgan*, 166 F.3d at 1307; *Flores*, 137 F.3d at 1275; *McCune,* 842 F.2d at 903.

## CONCLUSION

In sum, Polzin has presented no evidence suggesting there was any suppressed exculpatory evidence of sexual abuse. Alternatively, even assuming such evidence existed, Polzin has not and cannot demonstrate that he suffered harm or prejudice as a result of said "suppression." Defendants' motion for summary judgment is accordingly **GRANTED** and Polzin's case is dismissed.

Dated this   22nd   day of March, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

9

Case 1:10-cv-00038-WCG   Filed 03/23/12   Page 9 of 9   Document 64